UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20752-CR-LENARD

UNITED STATES OF AMERICA,

v.

ARLEY OLAYA CUERO,

    Defendant.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)</u>**

**THIS CAUSE** is before the Court on Defendant Arley Olaya Cuero's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ("Motion," D.E. 144), filed February 13, 2024. The Government filed a Response on February 15, 2024, ("Response," D.E. 145), to which Defendant filed a Reply on March 11, 2024. ("Reply," D.E. 147).[1] The Government further filed a Surresponse on April 10, 2024. ("Surresponse," D.E. 150) along with a Supplemental Surresponse on the same date. ("Supplemental Surresponse," D.E. 151). Defendant thereafter filed a Surreply on May 15, 2024. ("Surreply," D.E. 154). Upon review of the Motion, Response, Reply, Surresponse, Supplemental Surresponse, Surreply, and the record, the Court finds as follows.

---

[1] In his Reply, Defendant correctly notes that although he is eligible for a sentence reduction under Part A of Amendment 821, the Government's Response only addresses his eligibility under Part B. The Court thus ordered the Government to file a Surresponse addressing Defendant's eligibility under Part A of Amendment 821 (Status Points under § 4A1.1). (D.E. 149).

I.     **Background**

On September 30, 2016, a Grand Jury sitting in the Southern District of Florida returned an indictment charging Defendant, with conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance, both on board a vessel subject to the jurisdiction of the United States. (D.E. 12). On December 20, 2016, pursuant to a written plea agreement (D.E. 49) and factual proffer (D.E. 48), Defendant pled guilty to count 1 of the indictment. According to the factual proffer, the U.S. Coast Guard found Defendant and others in a semi-submersible containing over 2,500 kilograms of cocaine.

The United States Probation Office prepared a presentence investigation report ("PSR") prior to sentencing. The PSR determined that Defendant had a total offense level of 37, a criminal history category of III, and an advisory guideline range of 262–327 months imprisonment. (PSR ¶ 86). Defendant's guidelines were subject to a minimum term of ten years imprisonment. (*Id.* ¶ 85). The Court imposed a guidelines sentence of 276 months imprisonment, followed by eight years of supervised release. (DE 114).

In the instant Motion, Defendant asserts he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 to the Sentencing Guidelines applies to him. In its Response, the Government argues that because Defendant has criminal history points, he is ineligible for relief under Part B of Amendment 821. The Government concedes, in its Surresponse, that Defendant is

2

eligible for relief under Part A of Amendment 821. Specifically, the Government concedes that "the defendant now has only three criminal history points, resulting in a revised guideline range of 235–293 months (Offense Level 37 and Criminal History Category II)." (Surresp. at 4). Nevertheless, the Government argues that the 18 U.S.C. § 3553(a) factors weigh against a reduction in Defendant's 276-month sentence. In his Surreply, Defendant requests a sentence of 235 months—the low end of the modified advisory guideline range.

## II.   Legal Standard

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017). Section 3582(c)(2) is one such statute that Congress created to fashion a narrow means of modifying a criminal sentence. Section 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Part A of Amendment 821 to the Sentencing Guidelines alters the assignment of criminal history "status points" under United States Sentencing Guideline § 4A1.1(e). Section 4A1.1(e) adds "status points" to a defendant's criminal history score if the

defendant committed the instant offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Amendment 821, effective November 1, 2023, revises how status points are calculated, effectively decreasing a defendant's criminal history score, and potentially their resultant sentencing range. *Id.* Amendment 821, Part A, amends § 4A1.1 to state: "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* Additionally, "status points" are no longer assessed to offenders with six or fewer criminal history points. Thus, under Amendment 821, defendants with seven or more criminal history points now receive one, instead of two, status points if the instant offence was committed while under a criminal justice sentence; defendants with six or fewer criminal history points now receive zero status points. *Id.*

Part B of Amendment 821 to the Sentencing Guidelines created § 4C1.1. This section provides for a retroactive decrease of two levels from a defendant's initial offense level for those defendants who did not receive any criminal history points, and whose instant offense did not involve certain enumerated aggravating factors. USSG § 4C1.1(a).

The Court must first consider whether Defendant is eligible for a sentence reduction under the terms of § 3582(c)(2) and Amendment 821. Then, if he is eligible, the Court must determine whether the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction.[2]

---

[2] These § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of

4

**III.    Discussion**

Starting with Part B of Amendment 821, the Court finds that Defendant is ineligible for relief as he received three criminal history points at sentencing. (PSR ¶ 58). The text of § 4C1.1 is clear and unambiguous, a defendant is only eligible for a reduction if "the defendant did not receive any criminal history points from Chapter Four, Part A" of the Sentencing Guidelines. USSG § 4C1.1(a)(1). Defendant's three criminal history points thus render him ineligible.

Proceeding to Part A of Amendment 821, the Court finds that Defendant was assessed five criminal history points—three points for a prior conviction and two points for committing the instant offense while on supervised release. (PSR ¶ 58). As discussed, "status points" are no longer assessed to offenders with six or fewer criminal history points. Defendant is thus eligible for relief under Part A. Once his two status points are subtracted, he is left with three criminal history points resulting in a revised guideline range of 235–293 months (Offense Level 37 and Criminal History Category II).

Continuing to the next step, the Court considers Defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10 comment. (n.1.) ("The court may consider post-

---

the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction[.]")  As for BOP disciplinary history, Defendant has been sanctioned on four occasions—in June 2017, December 2020, August 2022, and March 2023—for possessing a hazardous tool. (D.E. 151-1 at 1–5).[3]

In his Surreply, Defendant asserts that the hazardous tool at issue in each infraction was a cellphone.  Defendant argues that because his "infractions were not related to drugs or weapons, nor any fights or assaults" the Court should grant his Motion. (Surreply at 1.)  In sum, the Court finds that Defendant's repeated disciplinary violations weigh heavily against a sentence reduction.  This is true even assuming a cell phone was the hazardous tool at issue.  Defendant must follow all BOP rules, and his disciplinary history shows a repeated pattern of non-compliance.

As for rehabilitation efforts, the Court finds that Defendant has availed himself of various educational and self-betterment opportunities.  From 2008–2010 he completed a series of English as a Second Language courses. (*See* D.E. 150-1.)[4]  By 2023, he was enrolled in courses including U.S. HISTORY/WORLD HISTORY/GEOGRAPHY, VOCABULARY/USAGE/SPELLING, NUMBER OPS

---

[3] On March 26, 2024, the Court ordered the Government to file Defendant's BOP disciplinary history and rehabilitation efforts with its Surresponse. (D.E. 149).

[4] The Government filed Defendant's BOP Inmate Educational History in response to the Court's March 26, 2024 Order.

AND ALGEBRA, and ECONOMICS, CIVICS, AND GOVERNMENT, among others. (*Id.*) Defendant has also completed courses related to parenting, job skills, and personal health. (*Id.*) The Court credits Defendant for learning the English language and completing a wide array of courses. In sum, the Court finds that Defendant's post-sentencing rehabilitation efforts weigh in favor of a sentence reduction.

With that said, the Court notes the primary reason for Defendant's 276-month sentence. As discussed, Defendant received three criminal history points for a prior conviction. The prior conviction was for the same crime—and near-identical offense conduct—as the instant case. In the prior case, as here, Defendant was found with others in a "suspicious looking self-propelled, semi-submersible vessel . . . off the coast of Mexico and Guatemala." (PSR ¶ 57.) 720 kilograms of cocaine were recovered inside the vessel and Defendant was sentenced to 108 months imprisonment on January 22, 2008. (*Id.*) After serving his sentence, Defendant was deported on June 22, 2020. (*Id.*) The record thus shows that Defendant reoffended by committing a near-identical offense in the present case only one year after his deportation. This factor weighs heavily against a sentence reduction.

The Court additionally notes that Defendant's 276-month sentence still falls within the modified advisory guideline range of 235–293 months' imprisonment. However, the Court cannot say that it would have sentenced Defendant the same had the advisory guideline range been 235–293 months instead of 262–327 months. As such, a slight sentence reduction is warranted. Defendant shall be resentenced to 266

months' imprisonment. This sentence takes into account the modified advisory guideline range as well as Defendant's post-sentencing conduct—both his repeated disciplinary violations and positive educational achievements while incarcerated. The Court thus finds that a sentence of 266 months' imprisonment is sufficient but not greater than necessary to achieve the § 3553(a) sentencing objectives.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Pursuant to Part A of Amendment 821, Defendant's advisory guideline range is modified to 235–293 months' imprisonment (Offense Level 37 and Criminal History Category II); and

2. Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (D.E. 144) is **GRANTED** in part and **DENIED** in part.[5] Defendant's sentence is hereby reduced to 266 months' imprisonment. An Amended Judgment shall issue separately.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of August, 2024.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[5] As discussed, Defendant requests a sentence of 235 months. For the foregoing reasons, the Court grants a sentence reduction to 266 months, but finds that the § 3553(a) factors do not support Defendant's requested reduction.